UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IBRAHIM URUR, | ) | CIVIL ACTION NO. 4:23-CV-670 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ZEBRA TRUCKING CORP. AND | ) | |
| METIN TUNCA, | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**
*(On Defendants' Motion to Dismiss (Doc. 6))*

## I.   INTRODUCTION

Ibrahim Urur ("Plaintiff") brings this personal injury case seeking to recover damages for injuries incurred as the result of a tractor trailer accident. (Doc. 1). Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint. (Doc. 6). This matter is before the undersigned upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 5).

For the reasons explained in this memorandum opinion, Defendants' Motion to Dismiss (Doc. 6) will be DENIED in its entirety.

## II.   BACKGROUND & PROCEDURAL HISTORY

On April 21, 2023, Plaintiff initiated this personal injury case grounded in the Court's diversity jurisdiction with the filing of a complaint. (Doc. 1). As Defendants, Plaintiff names Zebra Trucking Corp. (the owner of the truck Plaintiff was riding in

at the time of the accident) and Metin Tunca (the driver of the truck). (Doc. 1, ¶¶ 2-3).

Plaintiff alleges that on January 14, 2022, at approximately 3:50 p.m. he was the passenger in a tractor with trailer owned by Defendant Zebra Tucking Corp. being operated by Defendant Tunca. (Doc. 1, ¶ 13). Defendant Tunca, driving too fast for conditions, tried to slow the tractor trailer at which time it began to travel into the guardrail. (Doc. 1, ¶ 14). The tractor trailer traveled into the guard rail for several hundred feet before overturning and rolling down the embarkment along the right side of the roadway. (Doc. 1, ¶ 15). As a result, Plaintiff suffered injuries including cracked ribs, multiple crush fractures and breaks in his right leg, and multiple breaks in his left leg. (Doc. 1, ¶ 21). Plaintiff alleges he may need to have one of his legs amputated. *Id.*

At the time of the accident, Defendant Tunca was a professional commercial truck driver with a commercial driver's license. (Doc. 1. ¶ 7). He was driving a commercial tractor pulling a trailer owned by Defendant Zebra Trucking Corp., and was an agent or servant of Defendant Zebra Trucking Corp., working within the course and scope of that agency for the furtherance of its business. (Doc. 1, ¶¶ 11, 12).

Plaintiff brings two claims. Count One is a "negligence/recklessness" claim asserted against Defendant Tunca. (Doc. 1, ¶¶ 17-27). Count Two is a "respondeat

superior" claim asserted against Defendant Zebra Trucking Corp. (Doc. 1, ¶¶ 28-31). Plaintiff seeks compensatory and punitive damages for both claims. (Doc. 1, pp. 6-7).

On June 23, 2023, the parties consented to proceed before the undersigned. (Doc. 5). On July 6, 2023, Defendants filed a Motion to Dismiss (Doc. 6),[1] and on July 7, 2023 a brief in support thereof (Doc. 8). Plaintiff filed a brief in opposition on July 24, 2023. (Doc. 10). Defendants did not file a reply. This matter is now fully briefed and ready to decide.

Before proceeding to the merits of Defendants' motion, it is helpful to restate the legal standards relevant to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III.   MOTIONS TO DISMISS UNDER RULE 12(B)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal for failure to state a claim upon which relief can be granted. "The defendant bears the burden of showing that no claim has been presented."[2] To assess

---

[1] Defendants' Motion is titled a Motion to Dismiss, but that at several points in the brief in support they ask the Court to "strike" Plaintiff's allegations of recklessness and claims for punitive damages. (Doc. 8, pp. 3, 8). A motion to strike and a motion to dismiss have different legal standards. Given that Defendants have titled their Motion as a Motion to Dismiss, provide the Court with the legal standard for a motion to dismiss and did not file a reply brief objecting to Plaintiff's treatment of the Motion as one for dismissal under the Federal Rule of Civil Procedure 12(b)(6) standard, the Court will treat the Motion as a motion to dismiss.

[2] *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).

the sufficiency of a complaint when dismissal is sought under Rule 12(b)(6), a court should: (1) take note of the elements a plaintiff must plead to state a claim; (2) identify mere conclusions which are not entitled to the assumption of truth;  and (3) determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of a legal claim.[3]

In order for his or her allegations to be taken as true, a plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] To state a claim, a plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."[5] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6] Thus, courts "need not credit a claimant's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."[7] The court also need not assume that a plaintiff can prove facts that he or she has not alleged.[8] "To prevent dismissal,

---

[3] *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 (internal quotation marks omitted)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

[8] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible."[9]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.[11] This "presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'"[12] The plausibility determination is context-specific and does not impose a heightened pleading requirement.[13]

## IV.    ANALYSIS

Defendants argue that the allegations of recklessness and claims for punitive damages asserted against them in the complaint should be dismissed because the allegations in the complaint do not rise to the level of conduct necessary to support

---

[9] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 1949).

[10] *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

[11] *Jordan v. Fox Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[12] *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted) (alternations in original).

[13] *Id.* at 347.

allegations of recklessness and claims for punitive damages. (Doc. 8, pp. 2-3). More specifically, Defendants argue that Plaintiff does not allege the type of aggravating factors that distinguish conduct that constitutes ordinary or even gross negligence from conduct necessary to support a claim for punitive damages. (Doc. 8, p. 3). Defendants assert that Plaintiff alleges in the complaint that the accident "resulted solely from Defendant Tunca traveling too fast . . . ." (Doc. 8, p. 7). In support of their arguments, Defendants cite to *Babenko v. Dillon*[14] for the proposition that including allegations that a motorist did not follow the law or violated regulations does not satisfy the requirements of Pennsylvania law that support punitive damages. (Doc. 8, p. 6). Defendants also cite to *Elmi v. Kornilenko*[15] for the proposition that without alleging "aggravating circumstances" a complaint does not rise above negligence allegations. (Doc. 8, p. 7).

In response, Plaintiff argues the allegations in the complaint clearly do rise to the level of conduct necessary to support allegations of recklessness and claims for punitive damages, and that courts routinely deny requests to dismiss punitive damages as premature and inappropriate. (Doc. 10, pp. 8, 10-12). Plaintiff cites to numerous cases in support of his proposition that courts routinely deny such requests

---

[14] *Babenko v. Dillon*, No. 5:19-CV-00199, 2019 WL 3548833 (E.D. Pa. Aug. 5, 2019).
[15] *Elmi v. Kornilenko*, No. 3:17-CV-177, 2018 WL 1157996 (W.D. Pa. Mar. 2, 2018).

where the complaint alleges reckless conduct, and because the issue of whether punitive damages are appropriate is a fact intensive question that is frequently unable to be resolved on the pleadings alone. (Doc. 10, pp. 10-11). Plaintiff alleges the facts pleaded in the complaint are sufficient to support a claim of recklessness and for punitive damages because the complaint alleges that "Defendant Tunca knew of the risk of harm, given his certification as a professional commercial driver and awareness of the wetness of the road, and [ ] acted in conscious disregard of that risk by driving at a high rate of speed, despite the obviously wet road conditions." (Doc. 10, p. 12).

Under Pennsylvania law, "a defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent."[16] As recently summarized by Chief Judge Brann:

> While punitive damages are not a distinct cause of action in Pennsylvania, *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800, 802 (1989), "there is a distinction between negligence and punitive damages claims, with a plaintiff being required to meet a far lesser burden to establish a negligence claim than that which is imposed in connection with a punitive damages claim." *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445-46 (Pa. 2005). As to the defendant's state of mind, punitive damages require a showing that the defendant "has acted in an outrageous fashion due to either 'the defendant's evil motive or," as relevant here, "his reckless indifference to the rights of others.'" *Id.* at 445 (citing *Martin v. Johns-Manville*

---

[16] *Taylor v. Dupree*, No. 1:23-CV-00298, 2024 WL 388113, at *3 (M.D. Pa. Feb. 1, 2024) (internal quotation marks omitted).

*Corp.*, 508 Pa. 154, 494 A.2d 1088, 1096 n.14 (Pa. 1985)). To show reckless indifference sufficient for punitive damages, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 772 (Pa. 2005). As to the degree of risk, the Defendant's conduct must create a risk which is "substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445 (Pa. 2005) ("[T]hree factors [are] to be considered in awarding punitive damages: 1) the character of the act; 2) the nature of the harm, and wealth of the defendant."); *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800, at 803 (Pa. 1989) (However, the court need not weigh these factors at this stage, as "[i]t is for the jury to weigh these factors in arriving at an appropriate punitive damage award." *Id.*). This means that recklessness—like negligence—is a legal standard, with components relating to a defendant's conduct *and* a defendant's state of mind. . . .

Therefore, a Federal court may dismiss a completely bald allegation of "recklessness" as conclusory when requesting punitive damages in Pennsylvania. However, it is not compelled to do so. District Courts wield broad discretion in determining when dismissal is appropriate, and judges employ "judicial experience and common sense" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), to evaluate a complaint's allegations "in a realistic, rather than a slavish, manner." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998). The weight of authority in this Circuit has prompted most courts, including this Court, to employ that discretion in favor of preserving recklessness claims at the Motion to Dismiss stage. *Kerli v. Howard*, No. 4:18-cv-00481, 2018 WL 4051702 at *2, 2018 U.S. Dist. LEXIS 144152 at *4 (M.D. Pa., Aug. 24, 2018); *Maturo v. Pugh*, No. 20-1464, 2020 WL 4015240 *2, 2020 U.S. Dist. LEXIS 124868 *3-4 (E.D. Pa. July 16, 2020) ("the relative specificity of a recklessness claim does not warrant dismissal"). "[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial." *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 WL

6947693, 2020 U.S. Dist. LEXIS 206828 (M.D. Pa. Nov. 4, 2020) (Carlson, M.J.); *see also Mertzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) ("a court should be reluctant to grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind."). Under Federal law, "it is rare to dismiss a claim for punitive damages in motor vehicle accident cases at the outset of litigation . . . . courts have generally deemed these motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct." *Crandall v. Ballou*, No. 3:22-cv-01843, 2023 WL 3136408 at *3, 2023 U.S. Dist. LEXIS 73838 at *7 (M.D. Pa. Apr. 27, 2023).[17]

In this case not only will the Court exercise its discretion, but we also find Plaintiff has pleaded enough to support allegations of recklessness and a claim for punitive damages. Contrary to Defendants' assertion, Plaintiff has alleged one of the "aggravating circumstances" proposed by Judge Gibson in *Emli*.[18] As Defendants quote, Judge Gibson described "dangerous weather conditions" as one such "aggravating circumstance[]."[19] Defendants are incorrect that Plaintiff "alleges merely that the single-vehicle accident in question resulted solely from Defendant Tunca traveling too fast . . . ." (Doc. 8, p. 7). As Plaintiff points out, the complaint clearly alleges that at the time of the accident there were "adverse weather conditions," namely "wet conditions." (Doc. 1, ¶¶ 8, 19); (Doc. 10, p. 12). Plaintiff also alleges that at the time of the accident Defendant Tunca was a "professional

---

[17] *Guy v. Eliwa*, No. 4:23-CV-00412, 2023 WL 5916468, at *5-6 (M.D. Pa. Sept. 11, 2023) (footnotes inserted into text).

[18] *Elmi*, 2018 WL 1157996, at *4.

[19] *Id*.

commercial truck driver with a commercial driver's license" and as such "knew or should have know that he cannot operate a commercial tractor and trailer without maintaining control of the vehicle, especially in adverse weather conditions." (Doc. 1, ¶¶ 7-8).

Moreover, as explained above, "because the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial."[20] This is not one of the "rare" cases where it is appropriate and timely to dismiss Plaintiff's claim for punitive damages at this stage of litigation, particularly given that Plaintiff has adequately alleged recklessness.[21] Therefore the Court will deny Defendants' Motion to Dismiss Plaintiff's allegations of recklessness and claims for punitive damages in its entirety.

---

[20] *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020) (Carlson, M.J.).
[21] *Crandall v. Ballou*, No. 3:22-cv-01843, 2023 WL 3136408 at *3 (M.D. Pa. Apr. 27, 2023).

## V.   CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss (Doc. 6) will be denied in its entirety and Defendants will be ordered to respond to Plaintiff's complaint. An appropriate Order will follow.

Date: February 23, 2024                    BY THE COURT

                                           *s/William I. Arbuckle*
                                           William I. Arbuckle
                                           U.S. Magistrate Judge